**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EDGAR E. MARTINEZ-BORJAS,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1124-SLP** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| **Respondents.**[1] | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Edgar E. Martinez-Borjas, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] Chief United States District Judge Scott L. Palk referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 9, and Petitioner has replied, Doc. 12. So the matter is at issue.

---

1 Chris Gantt, current Warden of the Cimarron Correctional Facility, is not a federal official and the Government did not file the response on his behalf. Doc. 9, at 1 n.1.

2 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

3 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition and order his immediate release.

## I. Factual background and procedural history.

Petitioner is a citizen of Venezuela who entered the United States on November 30, 2021, without inspection or admission. Doc. 9, at 2. On December 2, 2021, the Department of Homeland Security (DHS) placed him in removal proceedings through the issuance of a Notice to Appear (NTA), charging him as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).[4] *Id.* & Ex. 1. U.S. Customs and Border Patrol released him on January 29, 2022, on his own recognizance. Doc. 1, at 5. On October 22, 2024, Petitioner filed an Application for Asylum and Withholding of Removal, which remains pending. Doc. 9, at 2. On February 21, 2025, Petitioner filed an application for temporary protected status (TPS). *Id.* On November 20, 2025, his TPS was terminated. *Id.*

4 This section is codified in the United States Code at 8 U.S.C. § 1182(a)(6)(A)(i). Section 1182(a)(6)(A)(i) provides that a noncitizen who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General is ineligible to be admitted to the United States. *Id.* § 1182(a)(6)(A)(i).

The Immigration Court ordered Petitioner's removal on July 22, 2026.[5] An appeal is due by August 21, 2026.

On April 29, 2026, at a regularly scheduled check-in, Immigration & Customs Enforcement (ICE) served Petitioner with a warrant and took him into custody. Doc. 1, at 5; Doc. 9, at 2 & Ex. 4.

## II. Petitioner's claim.

Petitioner raises one ground for relief: violation of the Fifth Amendment right to due process. Doc. 1, at 21. He asserts he "was re-detained after his release on his own recognizance . . . without any pre-deprivation hearing as required by law." *Id.*

Petitioner seeks

- a show cause order as to why the writ should not issue within three days and to preclude Respondents from moving Petitioner from this jurisdiction;[6]
- a declaration that his detention violated the Due Process Clause of the Fifth Amendment; and

---

[5] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 6, 2026).

[6] The undersigned addressed these issues in its Order for Response, Doc. 7.

- the issuance of the writ and an order requiring his immediate release and to hold a pre-deprivation bond hearing (should Respondents opt to take him into custody);
    - at such hearing, Respondents must demonstrate by clear and convincing evidence the changed circumstances warranting his re-detention and that no alternative to detention can mitigate any risk that his release would present;
    - and if the government cannot meet its burden, the Immigration Judge must order his release on appropriate conditions of supervision, considering his ability to pay a bond.

*Id.* at 22. Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. *Id.*

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought

directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**IV. Petitioner's procedural due process claim.**

Petitioner asserts that Respondents violated his Fifth Amendment due process rights by re-detaining him without any pre-deprivation hearing. Doc. 1, at 21. Respondents argue that the Court lacks jurisdiction to review this claim, relying on 8 U.S.C. §§ 1226(e) and 1252(g). Doc. 9, at 4. They also argue that his due process argument fails as he retains limited due process rights. *Id.* at 9. Finally, they argue that should the Court order a bond hearing, the burden of proof should rest with Petitioner. *Id.* at 13.

**A. This Court has jurisdiction to consider Petitioner's claim.**

"The Fifth Amendment's Due Process Clause forbids the Government to deprive any person of liberty without due process of law. Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas,* 533 U.S. at 690 (internal quotation marks and alterations omitted); *cf. Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)).

When a petitioner is challenging "the extent of the Government's detention authority under the 'statutory framework' as a whole" or the constitutionality of the entire statutory scheme under the Fifth Amendment, their claim "falls outside the scope of § 1226(e)." *Jennings v. Rodriguez*, 583 U.S. 281, 295-96 (2018). Petitioner challenges the "constitutionality of the procedures" ICE employed before re-detaining him. Doc. 12, at 2. So § 1226(e) does not bar this Court's review. *See, e.g., Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review . . . ."). Nor does 8 U.S.C. § 1252(g) bar this Court's review. *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025) ("[B]ecause Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that 8 U.S.C. § 1252(g) does not jurisdictionally bar consideration of the Petition."); *cf. Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3 (W.D. Okla. Jan. 20, 2026) ("Petitioner's claim that Respondents are detaining him without a bond hearing in violation of the INA does not divest the Court of jurisdiction.").

**B. Respondents violated Petitioner's due process rights.**

This Court analyzes Petitioner's procedural due process claim to determine whether he has a protected liberty interest, and what process is necessary to ensure any deprivation of that liberty interest aligns with the Due Process Clause of the Fifth Amendment. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). In examining the necessary process, the Court turns to the three factors set forth in *Mathews v. Eldridge*: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

"When the [G]overnment grants [a noncitizen] parole into the country, it creates a liberty interest intimately tied to freedom from imprisonment." *Sanchez v. LaRose*, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025); *see also Iza v. Arnott*, 2026 WL 67152, at *3 (W.D. Mo. Jan. 8, 2026) ("Individuals released on parole or other forms of conditional release have a liberty interest in their 'continued liberty.'" (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))); *Sahil v. De Anda-Ybarra*, 2026 WL 560216, at *3 (D.N.M. Feb. 27,

2026) (finding "that noncitizens acquire a liberty interest once released from immigration detention"). Petitioner's interest in physical freedom "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 (stating that an individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects"). Respondents deprived Petitioner of his liberty interest when ICE detained him and placed him into custody.

Turning to the *Mathews* factors, the Court finds that Petitioner has a significant private interest in remaining free from detention after spending four years in the United States before his present detention. By initially releasing Petitioner on his own recognizance, the Government necessarily determined that he "would not pose a danger to property or persons" and would "likely [] appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). Respondents have presented no evidence that there was a change in this assessment. By permitting Petitioner to remain at liberty for four years following the issuance of his NTA, the Government enabled Petitioner to develop a protected liberty interest in remaining out of custody. To be sure, "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore*, 538 U.S. at 522. But that power remains "subject to important constitutional

limitations." *Zadvydas*, 533 U.S. at 695. And it does not erase Petitioner's significant interest in remaining free from detention.

Respondents do not suggest Petitioner violated any laws while in the United States. During his release, Petitioner's interest in release grew even stronger as he presumably "form[ed] the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. The first *Mathews* factor favors Petitioner.

Second, the Court considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. The risk of an erroneous deprivation of Petitioner's liberty interest is considerable where he was detained without notice or a hearing.

"Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient." *Saqib v. Andrews*, 2026 WL 350830, at *6 (E.D. Cal. Feb. 9, 2026), *adopted*, 2026 WL 440566 (E.D. Cal. Feb. 17, 2026). Respondents detained Petitioner with no procedural safeguards to determine whether the revocation of his release was justified. This factor weighs in Petitioner's favor. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a

valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.").

Finally, the Court considers the Government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. "While this Court recognizes that the [G]overnment has an interest in enforcing immigration laws," the Government's interest in arresting Petitioner without a determination whether he posed a risk of flight or danger is low. *Saqib*, 2026 WL 350830, at *6; *see, e.g.*, *Diaz v. Kaiser*, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) ("[T[he Court concludes that the [G]overnment's interest in re-detaining Petitioner . . . is 'low,' particularly in light of the fact that Petitioner[] has long complied with his reporting requirements."). And the Court can discern no significant administrative or fiscal burden associated with placing the burden on the Government to follow its own laws and regulations. *See, e.g.*, *Iza,* 2026 WL 67152, at *3 ("An alien's opportunity to be heard regarding the revocation of his parole is only meaningful if the [G]overnment comports with its own internal standards regarding parole revocation."). This is especially true given that Petitioner's detention was not deemed necessary for four years.

**C. Remedy.**

Habeas is "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy for such detention is, of course,

release." *Id.*; *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."). Federal district courts have broad equitable powers to craft habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). District courts have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243*; see also United States v. Allen*, 139 F.3d 913 (10th Cir. 1998) ("If the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release." (quoting *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990))).

The undersigned finds Petitioner's unlawful detention and the ongoing violation of Petitioner's due process rights require his immediate release subject to the same conditions of his earlier release.[7] This view is shared by numerous courts across the country.[8]

---

[7] "Many orders in similar cases require that a bond hearing be set in a short period of time with an automatic release if the hearing does not occur. Those cases do not examine the effect of a pending asylum petition or a clear conditional release order under § 1226." *Velasquez Montillo v. Brooksby*, 2026 WL 592355, at *10 (D. Utah Mar. 3, 2026).

[8] *See Ewere v. Cerna,* No. CIV-26-320-SLP, 2026 WL 1207088, at *1-2 (W.D. Okla. May 4, 2026) (ordering Petitioner's "immediate release" for due process violation and denial of a bond hearing); *Singh v. Noem*, 2026 WL 766228, at *10 (D.N.M. Mar. 18, 2026) ("Petitioner's . . . release is required to

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas petition and **order his immediate release.**[9] **The undersigned also recommends the Court order the Government to certify compliance with the Court's Order by filing a status report within ten business days of the Court's Order**, and to promptly provide a

remedy the ongoing due process violation caused by Petitioner being detained while his conditional parole has not yet been terminated."); *Montillo,* 2026 WL 592355, at *10 (concluding immediate release was the appropriate remedy where "there has been no notice of a change in circumstances requiring modification of the November 2021 [order of release on recognizance]"); *Vielma Uzcategui v. Brooksby*, 2026 WL 622751, at *13 (D. Utah Mar. 5, 2026) (same as to petitioner ordered released on her own recognizance in September 2023); *Murzi v. Noem*, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) (ordering petitioner's immediate release where petitioner had previously been released on parole).

[9] Should the Court determine a bond hearing is the appropriate remedy, the undersigned recommends that, given Petitioner's prolonged detention, the Court should find that it is more appropriate for the Government to bear the burden of proof in this context. *See, e.g.*, *Garcia Cortes v. Noem*, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (placing the burden of proof on the Government to justify the petitioner's continued detention (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)). Having released Petitioner in 2022, the Government ought to now bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight such that he should remain in detention. *See L.G.*, 744 F. Supp. 3d at 1186 ("In general, the Supreme Court has held that the clear and convincing standard applies to civil detention where liberty is at stake." (first citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and then citing *Addington v. Texas*, 441 U.S. 418, 433 (1979))).

copy of the Court's order to counsel for the Warden of the Cimarron Correctional Facility.[10] The Court should order that Respondents may not re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker where the Government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk and a danger to the community.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 17, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[11] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate

---

[10] The Court should deny as moot Petitioner's first motion to expedite. Doc. 13.

[11] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 10th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE