**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EDGAR E. MARTINEZ-BORJAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-26-1124-SLP |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**<u>O R D E R</u>**

Before the Court is the Report and Recommendation [Doc. No. 14] (R&R) of United States Magistrate Judge Suzanne Mitchell. The Magistrate Judge recommends granting the Petition. Respondents have filed an Objection, [Doc. No. 16], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS, in part, the R&R and GRANTS, in part, the Petition.

## I. <u>Background</u>

Petitioner is a citizen of Venezuela who entered the United States on November 30, 2021, without inspection or admission. On December 2, 2021, the Department of Homeland Security (DHS) placed him in removal proceedings through the issuance of a Notice to Appear (NTA), charging him as removable under § 212(a)(6)(A)(i) of the

Immigration and Nationality Act. U.S. Customs and Border Patrol released him on January 29, 2022, on his own recognizance. On October 22, 2024, Petitioner filed an Application for Asylum and for Withholding of Removal, which remains pending at this time. On February 21, 2025, Petitioner filed an application for temporary protected status (TPS). On November 20, 2025, his TPS was terminated. The Immigration Court ordered Petitioner's removal on July 22, 2026. Removal proceedings are ongoing.

On April 29, 2026, Petitioner was arrested and re-detained by Immigration and Customs Enforcement (ICE) at a regularly scheduled check-in. At the time of filing his petition, Petitioner was detained at Cimarron Correctional Facility in Cushing, Oklahoma.

On May 18, 2026, Petitioner filed this action challenging his detention under the Due Process Clause of the Fifth Amendment. He specifically asserts that his detention without a pre-deprivation hearing is a violation of his Due Process Rights. As relief, Petitioner asks this Court to grant his petition for writ of habeas corpus and release him immediately. Respondents object to the R&R on two grounds: (1) the Court lacks jurisdiction to consider the revocation of Petitioner's parole and (2) Petitioner's due process rights have not been violated. Obj., [Doc. No. 16].

## II. Discussion

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to immediately release Petitioner from custody, or in the alternative, provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven (7) business days.

The Court first turns to Respondents argument that 8 U.S.C. § 1226(e) precludes the Court's review of DHS's discretionary judgment regarding the "detention of any alien or the revocation or denial of bond or parole." Obj., [Doc. No. 16] at 3; 8 U.S.C. § 1226(e). The Court disagrees. "[§] 1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law, such as those at issue here." *Martinez Rodriguez v. Castro*, No. 2:25-CV-01294-KG-JFR, 2026 WL 252503, at *2 (D.N.M. Jan. 30, 2026); *Salvador F.-G. v. Noem*, No. 25-CV-0243-CVE-MTS, 2025 WL 1669356, at *5 (N.D. Okla. June 12, 2025) ("Congress has placed various limits on the exercise of this jurisdiction [including § 1226(e)]. Nonetheless, federal courts retain jurisdiction under § 2241 to review habeas claims by noncitizen detainees who either challenge their detention as unconstitutional or raise questions of law regarding the extent of the government's statutory authority to detain them."). Accordingly, § 1226(e) does not strip this Court's jurisdiction to review Petitioner's habeas action.

Second, Respondents argue that Petitioner's due process rights have not been violated. As an initial matter, the Court finds that § 1226(a) governs Petitioner's detention. The Magistrate Judge found, and Respondents acknowledged, that Petitioner was initially released pursuant to an Order of Release on Recognizance in 2021. *See* R&R, [Doc. No. 14] at 2; Obj., [Doc. No. 16] at 2 ("Petitioner was issued an arrest warrant and subsequently released on an Order of Release on Recognizance dated December 17, 2021, which is a type of conditional parole available under 8 U.S.C. § 1226(a)(2)(B)."). Based on the record before the Court, Petitioner has remained in the interior of the country ever since his initial release. Under Tenth Circuit law, § 1226(a) governs the detention of immigration detainees

who are similarly situated to Petitioner. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026) (holding that "§ 1225(b)(2)(A)'s application is limited to the border"). Accordingly, § 1226(a) governs Petitioner's detention.

In determining whether Petitioner's due process rights were violated, the Court must consider (1) whether the Petitioner possesses a protected property or liberty interest to which due process protections apply and, if so, (2) whether they were afforded an appropriate level of process. *Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019). Upon the Court's de novo review of the Petition, the Court concurs with the Magistrate Judge's finding that Petitioner has a protected liberty interest in his conditional release on his own recognizance. *See* R&R, [Doc. No. 14] at 7; *Singh*, 824 F. Supp. 3d at 1210-11 (finding that a § 2241 petitioner, previously released on their own recognizance, had a liberty interest in their conditional parole); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (same); *see also Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (finding that "those released on criminal parole are entitled to due process before having their parole revoked."); *Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) (". . .[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent.").

Having found that the Petitioner has a protected liberty interest arising from his release on his own recognizance, the Court must then determine what level of process is owed to the Petitioner. *See Tomsic*, 926 F.3d at 614. Petitioner's position is that the appropriate level of process owed is his release from detention. However, on the immediate record, the Court finds that the appropriate relief is for Respondents to provide

Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226. *See Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an [immigration judge]."); *Ochilov v. Grant*, 2026 WL 1896139, at *2 (finding that the appropriate remedy for a § 2241 Petitioner's due process claim is a bond hearing under § 1226.); *Chiliquinga Sigcho v. Blanche*, No. 1:26-CV-00252-WJ-GBW, 2026 WL 2018492, at *1 (D.N.M. July 13, 2026) ("Petitioner requests immediate release. The Court concludes, however, that the appropriate remedy is to afford Petitioner the process to which he is entitled under § 1226.); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 14] is ADOPTED in part and the Petition [Doc. No. 1] is GRANTED. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.[1]

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on October 30, 2026. If Respondents fail to timely comply,

---

[1] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.

including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[2]

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of October, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[2] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").